NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1225, -1244

FUNAI ELECTRIC COMPANY, LTD.,

Plaintiff-Cross Appellant,

v.

DAEWOO ELECTRONICS CORPORATION
and DAEWOO ELECTRONICS AMERICA, INC.,

Defendants-Appellants,

and

DAEWOO ELECTRONICS COMPANY, LTD.,
DAEWOO ELECTRONICS CORPORATION OF AMERICA, INC.,
and DAEWOO ELECTRIC MOTOR INDUSTRIES, LTD.,

Defendants.

Appeals from the United States District Court for the Northern District of California in case no. 04-CV-01830, Magistrate Judge Joseph C. Spero.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

LINN, Circuit Judge.

## O R D E R

Daewoo Electronics Corporation (DEC) moves for a stay of enforcement of the judgment issued by the United States District Court for the Northern District of California, pending disposition of this appeal. Funai Electric Company, Ltd opposes. Daewoo Electronics America, Inc. (DEAM) moves for a stay of enforcement of the judgment and moves to withdraw that motion.

The district court entered a judgment that DEC and DEAM infringed Funai Electric Company, Ltd's patents. The judgment awarded a total of $7,216,698 to Funai. The judgment stated that DEC was liable for the full amount and that DEAM was liable for a portion of the judgment in the amount of $2,298,590.

The appellants moved in the district court to stay the judgment. The district court held that the judgment could only be stayed if a supersedeas bond in the amount of $9,020,872.50 was posted.* The district court held that the defendants' financial circumstances "are not so strong as to persuade the Court that a stay should be entered without a bond or other form of security sufficient to cover the full amount of the judgment." DEAM moved for clarification, arguing that it should only be required to post a bond in the smaller amount that it was held separately liable, plus prejudgment interest. The district court agreed and held that DEAM could obtain a stay of execution of the judgment against it by posting a bond in the amount of $2,873,237.50. Because the district court allowed DEAM to obtain a stay of execution of the judgment entered against it by posting this bond, DEAM now moves in this court to withdraw its previously filed motion for a stay of execution of the judgment. We grant the motion to withdraw DEAM's motion for a stay.

Concerning the bond amount related to DEC, the district court declined to reduce the amount. The district court explained that "[t]o the extent that DEAM might be found, on appeal, to have no liability, the reduced bond amount as to DEC does not provide adequate protection to Plaintiff that the judgment against DEC will be satisfied." Thus,

---

* The bond amount is 125 percent of the judgment. The district court noted that the defendants would be liable for prejudgment interest and that other matters which might increase the bond amount remained pending.

the district court required that DEC post a bond of $9,020,872.50 to obtain a stay of the judgment. DEC moves for a stay of the judgment in this court, pending disposition of this appeal. DEC argues that it is likely to succeed on appeal and that it should be required to only post a bond in the amount of $6,147,635, which it asserts is "125% of the judgment amount levied solely against DEC."

DEC has not shown, in the papers submitted, that the district court abused its discretion in determining the amount of the supersedeas bond required to obtain a stay of the judgment. The district court stated that DEC was liable for the entire amount of the judgment. DEC has not otherwise shown that the judgment should be stayed because of its arguments of likelihood of success on appeal, and it does not appear that those arguments were first presented to the district court.

Accordingly,

IT IS ORDERED THAT:

(1)     DEC's motion for a stay of execution of the judgment is denied.

(2)     DEAM's motion to withdraw its motion for a stay of execution of the judgment is granted. DEAM's motion for a stay of execution of the judgment is withdrawn.

FOR THE COURT

MAY - 5 2009

—————————————————
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:     Michael J. Lyons, Esq.
        Perry R. Clark, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY -5 2009

JAN HORBALY
CLERK

2009-1225, -1244                    - 3 -